**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  JOHN MCGUIRE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-608-TCK-FHM |
| | ) | |
| 1.  BAKER POOLS, LLC | ) | Jury Trial Demanded |
| a domestic limited liability company | ) | |
| | ) | Attorney Lien Claimed |
| | ) | For the Firm |
| **Defendant** | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, John McGuire ("Plaintiff"), by and through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.* and Donald E. Smolen, II of *Smolen Law*, and hereby brings his wage claim pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA" or "the Act"), against Baker Pools, LLC ("Defendant") for violations of the statute committed by Defendant.

## JURISDICTION, VENUE, AND PARTIES

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 in that the Plaintiff is alleging a violation of a federal question; more particularly, a violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (hereinafter the "FLSA" or "the Act").

2. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

3. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma residing in Tulsa County, Oklahoma.

1

4. Defendant is, and was at all times relevant hereto, a domestic corporation with retail locations located in Jenks, Tulsa County, Oklahoma.

5. Defendant is an employer, as that phrase is used under the FLSA, in that it is an enterprise employing more than 2 employees and has an annual dollar volume of sales in excess of $500,000.00.

6. Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA in that he was employed by an employer.

## OPERATIVE FACTS

7. Defendant hired Plaintiff as a Purchasing and Warehouse Manager in April 2010.

8. In his role, Plaintiff's job duties included: purchasing, warehousing, pulling orders, loading and unloading trucks, stocking shelves, inventory control, assisting sales with product knowledge, writing procedures, helping the service department, helping with retail services and helping with maintenance.

9. When Plaintiff started his employment, he was required to utilize a time clock system to record his hours worked and lunch breaks were automatically deducted from his time regardless of whether a lunch was actually taken.

10. Plaintiff did not regularly supervise any employees, and only partially supervised one employee.

11. During Plaintiff's tenure, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

12. Defendant terminated Plaintiff in April 2019 and has failed to tender all wages due to Plaintiff.

## CAUSE OF ACTION
### (Failure to Pay Overtime in violation of the FLSA)

13. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

14. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

15. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203.

16. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

17. 29 U.S.C. §§ 206 and 207 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemptions set forth in 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

18. Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

19. Moreover, Defendant impermissibly deducted time from Plaintiff's pay for lunches which were not taken.

20. Despite the entitlement of Plaintiff to overtime premiums under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

21. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint

**WHEREFORE,** the Plaintiff prays for Judgment against the Defendant for unpaid overtime; liquidated damages in an equal amount to the unpaid overtime; back pay, front pay; damages for emotional distress; the cost of the action including a reasonable attorney fee and other relief the court deems is just and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33117**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
cvaught@a-vlaw.com
jvaught@a-vlaw.com

-and-

**SMOLEN LAW**
Donald E. Smolen, II
611 S. Detroit Avenue
Tulsa, OK 74120
(918) 777-4529 – *Telephone*
(918) 890-4529 - *Facsimile*
don@smolen.law
*Attorneys for Plaintiff*